PER CURIAM.
I tOn remand from the United States Supreme Court, Montgomery v. Louisiana, 677 U.S. -, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), and in light of the Supreme Court’s holding that Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) announced a substantive rule of constitutional law that applies retroactively, we vacate relator’s sentence and remand to the 19th Judicial District Court *607 for resentencing pursuant to La.C.Cr.P. art. 878.1. In resentencing, the District Court shall determine whether relator was “the rare juvenile offender whose crime reflects irreparable corruption”, Miller, 132 S.Ct. at 2469, or he will be eligible for parole under the conditions established in La.R.S. 15:574.4(E).
The Supreme Court held in Miller that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders. The Supreme Court found that “[b]y making youth (and all that 'accompanies it) irrelevant to imposition of that harshest ’ prison' sentence, such a scheme poses too great a risk of disproportionate punishment.” Miller, 132 S.Ct. at 2469. The Supreme Court clarified in Montgomery, 136 S.Ct. at 734, “that Miller drew a line between children whose crimes reflect transient immaturity and those rare children whose crimes reflect irreparable corruption” and life without parole can only be a proportionate sentence for the latter. As noted above, the Supreme laCourt also determined in Montgomery that Miller announced a substantive rule of constitutional law that applies retroactively.
Henry Montgomery, who had recently turned 17 when he killed Deputy Sheriff Charles Hurt in 1963, was found guilty without capital punishment of murder in 1969 and the sentencing scheme at the time required mandatory life imprisonment without regard to Montgomery’s youth. See- La.R.S. 15:409 (1951). The Supreme Court in Montgomery did not venture an opinion as to whether a sentence of life imprisonment without parole eligibility is a disproportionate sentence for the crime Henry Montgomery committed at age 17. Instead, the court determined that Henry Montgomery, and others like him, “must be given the opportunity to show [the] crime did not reflect irreparable corruption”, Montgomery, 136 S.Ct. at 736, and, if the- crime did not reflect irreparable corruption, then he must be afforded “some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation” as required by Miller, 132 S.Ct. at 2469 (quoting Graham v. Florida, 560 U.S. 48, 74, 130 S.Ct. 2011, 2030, 176 L.Ed.2d 825 (2010)). Therefore, we remand to the District Court to give‘Henry Montgomery the opportunity to make that showing and to allow the District Court to make that determination.
To implement Miller’s “meaningful opportunity to obtain release” for those juveniles who commit murder but are not found to be irreparably corrupt, the Legislature in 2013 La. Acts 239 enacted La. C.CrJP. art. 878.1 and La.R.S. 15:574.4(E). Article 878.1 requires the District Court to conduct a hearing “[i]n any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at 'the time of the commission of the offense ... to determine whether the sentence shall be imposed with or without [ -¡parole eligibility pursuant to . the provisions of R.S. 15:574.4(E).” La.R.S. 15:574.4(E) then provides the conditions under which any person serving a sentence of life imprisonment for first or second degree murder committed under the age of 18 can become parole eligible, provided a judicial determination has been made the person is entitled to-parole eligibility pursuant to Article 878.1. This court found in State v. Tate, 12-2763, pp. 19-20 (La.11/5/13), 130 So.3d 829, 843, that Article 878.1 applies prospectively to those offenders who are to be sentenced.
*608 During the 2016 legislative session, legislation was proposed to address those cases in which persons that committed murder- as juveniles and were sentenced to life imprisonment-without parole eligibility before Miller was decided, who the Supreme Court determined in Montgomery must be resentenced in accordance with the principles enunciated in Miller However,- the ¡Legislature ultimately failed to take further action in the last few moments of .the legislative session regarding sentences of life without parole for juvenile homicide offenders. See HB 264 of the 2016 Regular Session. Therefore, in the absence of further legislative action, the previously enacted provisions should be used for the resentencing hearings that must now be conducted on remand from the United States Supreme Court to determine whether Henry Montgomery, and other prisoners like him, will be granted or denied parole eligibility.
- Certainly, the legislature is free: within constitutional contours to enact further laws governing, these resentencing hearings but in the absence of such legislation, this court must provide guidance to the lower courts on the pending cases. See Gillam v. Cain, No. 14-2129 (E.D.La.5/31/16) (slip op.), 2016 WL 3060254 (“the state trial court is ordered to resentence Petitioner in conformity with Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), within ninety (90) days or, in the alternative, to release him from confinement”); Palmer v. Cain, No. 03-2983 (E.D.La.5/5/16) (slip op.), 2016 WL 2694753 (“the Estate trial court is ordered to resentence him in conformity with Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), within one-hundred twenty (120) days from entry of judgment or release him from confinement.”); Tate v. Cain, No. 14-2145 (E.D.La.4/21/16) (slip op.), 2016 WL 3005748 (“The petitioner- shall be released if no such hearing is- held within 90 days of this Order,”); Trevathan v. Cain, No. 15-1009 (E.D.La.4/11/16) (slip op.), 2016 WL 1446150 (“the state court is ORDERED to resentence him in conformity with Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), within ninety (90) days or, in the alternative, to release him from confinement”). In providing this guidance, we note that existing legislative enactments are applicable, either directly or by analogy.
In La.C.Cr.P. art. 878.1(B), the Legislature addressed the factors to be considered to determine whether the sentence should be imposed with or without parole eligibility:
At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender’s level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst, offenders and the worst cases.
This provision does not purport to provide an exhaustive list of considerations but instead authorizes the District Court to consider other factors- the court may deem relevant to its determination. Previously, and by way of example, in State v. Williams, 01-1650 (La.11/1/02), 831 So.2d 835, this Court noted that the United States Supreme Court left to the states the task of developing appropriate ways to enforce the constitutional restriction against execution of the intellectually disabled and further noted that Louisiana had not yét directly legislatively implemented *609 Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 336 (2002). Absent a legislative implementation of Atkins, the Williams court drew upon other | ¡¡enactments to establish a procedure until the legislature could act. Similarly, although the Legislature was ■ unable to-enact legislation during the 2016 Regular Session, it has provided general sentencing guidelines in La.C.Cr.P. art; 894.1, which the"'District Court may deem relevant in accordance with La.C,Cr.P.-art, 878.1(B). Other states have also legislatively implemented Miller. For example, Florida has enumerated the following factors to be considered in sentencing a juvenile to life imprisonment:
(a) The nature and circumstances of the offense committed by the defendant. •
(b) The effect of the crime on the victim’s family arid on the community.
(c) The defendant’s age, maturity, intellectual capacity, and mental and emotional health at the time of the offense.
(d) The defendant’s background, including his or her family, home, and community environment.
(e) The effect, if any, of immaturity, impetuosity, or failure to appreciate risks and consequences on the -defendant’s participation in the offense.
(f) The extent of the defendant’s participation in the offense.
(g) The effect, if any," of familial pressure or peer pressure on the defendant’s actions.
(h) The nature and extent of the defendant’s prior criminal history. .
(i) The effect, if any, of characteristics attributable to the defendant’s youth on the defendant’s judgment.
(j) The possibility of rehabilitating the defendant.
Fla. Stat. § 921.1401(2) (2014). The District Court here may deem considerations such as these to be relevant as well under the authority of Article 878.1(B). Finally, the District Court- must also be riiindful of the Supreme Court’s directive in Miller, 132 S.Ct. at 2469, “to take into account how- children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison,” In making its ultimate determination regarding parole eligibility," the District Court is further directed to issue reasons indicating the factors it considered to aid in -appellate review of the sentence imposed after resentencing. This matter is | (¡remanded to the District Court for resen-tencing consistent with the views expressed here.
REMANDED