CRICHTON, J.,
additionally concurs and assigns reasons.
hi agree with the ruling to remand this matter to the trial court, but write separately to reiterate that the law now requires courts to acknowledge the qualitative differences between juvenile offenders and other offenders in sentencing, and that “the rare juvenile offender whose crime reflects irreparable corruption” now constitutes an exceptional case. Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 2469, 183 L.Ed.2d 407 (2012) (quoting Roper v. Simmons, 543 U.S. 551, 573, 125 S.Ct. 1183, 1197, 161 L.Ed.2d 1 (2005)). In this matter, two separate Assumption Parish juries convicted the defendant Kyle Alexander of the second-degree murders of his high school classmates, Bryan Sagona and Clint Bonadona. The defendant, along with two friends, lured the victims to a remote location in Donaldsonville, dragged them from the car, and killed them. The defendant fired the shot that killed Bryan Sago-na. There is no doubt that the defendant committed brutal and shocking acts; however, the question of whether or not these acts and his behavior while incarcerated demonstrate an irretrievable depravity of character such that he will never be eligible for parole is a question for the district court after a meaningful hearing pursuant to Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and further mandated by Montgomery v. Louisiana, 577 U.S. -, 136 S.Ct. 718, 734, 193 L.Ed.2d 599 (2016), as revised (Jan. 27, *991 2016). Additionally, as I noted in State v. Montgomery, 13-1163 (La. 6/28/16), 194 So.3d 606, it is | ^crucial going forward that trial courts establish solid and thorough records in the Montgomery/Miller line of cases in order to aid appellate courts in developing this novel and important area of law.