CRICHTON, J.,
additionally concurs and assigns reasons.
hi agree with the ruling to remand this matter to the trial court, but write separately to note that, while the facts of this *992 case are particularly troubling, our United States Supreme Court recently determined that the “juvenile offender whose crime reflects irreparable corruption” now constitutes an exceptional case, thereby issuing a new legal standard to which trial courts must adhere when making initial parole eligibility determinations of juvenile defendants. Miller v. Alabama, — U.S. -, -, 132 S.Ct, 2455, 2469, 183 L.Ed.2d 407 (2012) (quoting Roper v. Simmons, 543 U.S. 551, 573, 125 S.Ct. 1183, 1197, 161 L.Ed.2d 1 (2005)). A jury convicted Rodney J. Tolliver of second-degree murder of 70-year-old widow Yolande Landry Theriot. Tolliver viciously raped and brutalized Mrs. Theriot before smothering her to death. Though Tolliver committed shocking acts of violence, the question of whether or not his actions and subsequent pattern of behavior while incarcerated demonstrate irretrievable depravity must be decided by the district court after a meaningful hearing pursuant to Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and as further mandated by Montgomery v. Louisiana, — U.S.-, -, 136 S.Ct. 718, 734, 193 L.Ed.2d 599 (2016), as revised (Jan. 27, 2016). Additionally, as I noted in State v. Montgomery, 13-1163 (La. 6/28/16), 194 So.3d 606, it is critical that trial courts establish a solid and thorough record in the Montgomery/Miller line of cases in order to allow appellate courts to further examine and develop this new and important area of law.