# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
### 17-286

**STATE OF LOUISIANA**

**VERSUS**

**RUSSELL ROSS RUBIN**

\*\*\*\*\*\*\*\*\*\*

ON WRIT OF CERTIORARI FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE
DOCKET NUMBER 49-092-F
HONORABLE CHUCK RANDALL WEST, JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, John E. Conery, and Candyce
G. Perret, Judges.

**WRIT GRANTED AND MADE PEREMPTORY.**

**Alex D. Chapman, Jr.**
**801 West Linclon Road**
**Ville Platte, Louisiana  70586**
**337-363-2229**
      **COUNSEL FOR DEFENDANT/APPLICANT**
      **RUSSELL ROSS RUBIN**

**Alex D. Chapman, Jr.**
**801 West Linclon Road**
**Ville Platte, Louisiana  70586**
**337-363-2229**
      **COUNSEL FOR DEFENDANT/APPLICANT**
      **RUSSELL ROSS RUBIN**

**CONERY, Judge.**

On December 14, 1993, an Evangeline Parish Grand Jury charged Relator, Russell Ross Rubin, with one count of second degree murder in violation of La.R.S. 14:30.1. Relator was convicted of the offense on April 29, 1994, and on April 29, 1994, the sentencing court ordered Relator to serve life imprisonment at hard labor without benefit of probation, parole, and suspension of sentence. On appeal, this court reversed Relator's conviction and sentence and remanded the matter for a new trial. *State v. Rubin*, 94-982 (La.App. 3 Cir. 2/8/95), 649 So.2d 1240, *writ denied*, 95-1135 (La. 10/13/95), 661 So.2d 494.

Following a second trial, a jury found Relator guilty as charged on January 25, 1996. On February 9, 1996, the district court again ordered Relator to serve a mandatory sentence of life imprisonment at hard labor without benefit of probation, parole, and suspension of sentence. On appeal and subsequent review, both this court and the supreme court affirmed Relator's conviction and sentence. *State v. Rubin*, 96-1294 (La.App. 3 Cir. 5/7/97), 696 So.2d 4, *writ denied*, 97-1537 (La. 11/14/97), 703 So.2d 1289.

On or about December 14, 2016, Relator filed a motion to correct illegal sentence with the trial court alleging Relator was fifteen years old at the time of the offense and seeking relief under *State v. Montgomery*, 13-1163 (La. 6/28/16), 194 So.3d 606. The trial court conducted a hearing on Relator's motion on February 23, 2017. Following argument by counsel, the trial court denied reconsideration of Relator's sentence.

On March 23, 2017, Relator, through counsel, filed a writ application with this court seeking supervisory review of the trial court's February 23, 2017 denial of Relator's motion to correct illegal sentence.

Though Defendant provides this court with a notice of intent addressed to the trial court and date-stamped as received on March 20, 2017, the attached return

date order is unsigned. Thus, Defendant's writ application does not comply with Uniform Rules—Courts of Appeal, Rules 4-3 and 4-5(C)(11), which both require the attachment of all return date orders issued by the district court. However, defense counsel filed his writ application with this court within thirty days of the subject ruling, and the Louisiana Supreme Court has explained the purpose of Uniform Rules—Courts of Appeal, Rule 4-3 was to keep pretrial and trial proceedings from unnecessary delay by creating finality of interlocutory rulings. *State v. Goppelt*, 08-0576, p. 2 (La. 10/31/08), 993 So.2d 1188, 1189. The supreme court has recently ruled Uniform Rules—Courts of Appeal, Rule 4-3 should be applied sparingly in cases where a defendant's conviction and sentence are final. *See State v. Landry*, 14-513, p. 1 (La. 10/3/14), 149 So.3d 276, 276-77; *and see*, *State v. Scott*, 12-2458, p. 1 (La. 8/30/13), 123 So.3d 160, 160-61.

For the following reasons, we grant the writ, make it peremptory, and remand the case for re-sentencing in accordance with *State v. Montgomery*, La.Code Crim.P. art. 878.1, La.R.S. 15:574.4(E), and 2017 La. Acts No. 227 (effective August 1, 2017).

## ASSIGNMENTS OF ERROR

In his writ application, Relator raises two assignments of error:

1. The district court erred when it failed to vacate Mr. Rubin's unconstitutional mandatory sentence of life without parole, as required by *Miller v. Alabama*[] and *Montgomery v. Louisiana*.

2. The district court erred when it held that La.C.Cr.P. art. 878.1 did not apply to Mr. Rubin, despite the directive of the Louisiana Supreme Court in State v. Montgomery that La.C.Cr.P. art. 878.1 was applicable to all cases controlled by *Montgomery v. Louisiana*.

## LAW AND DISCUSSION

Relator argues that resentencing is mandatory. Relator contends that, since he was a juvenile at the time of the offense for which he was convicted, the

mandatory sentence of life imprisonment without benefit of parole should be vacated as being unconstitutional. Relator asserts he was fifteen years old at the time of the homicide. Relator argues that, under *Montgomery v. Louisiana*, the trial court was required to vacate his sentence and impose a new sentence in compliance with the parameters set forth by La.Code Crim.P. art. 878.1.

At the hearing on Relator's motion to correct illegal sentence, the trial court noted it had previously held that the offense date was on or about November 18, 1993. The victim had been hacked with a machete and shot at least three times. Since Relator's birthdate is April 30, 1977, Relator was fifteen years old at the time of the offense, and he would have been eighteen at the time of his second trial, conviction, and sentence in January and February of 1996.

The trial court denied defendant's motion and basically held that any grant of parole should be up to the parole board:

> Therefore, in accordance with the reasons listed above[,] I'm gonna deny the combined consolidated Motion to Correct an Illegal Sentence and suggest we take this up with the Department of . . . Corrections through the office of Probation and Parole. . . .
>
> . . . .
>
> And I believe that's the appropriate place for it to be. This court has no jurisdiction over the . . . Department of Corrections. I cannot order them to do or not do something. I think that's clear under law unless you know something different.
>
> . . . .
>
> I don't think there's anything . . . that would prohibit the Parole Board from hearing it at all. As I said[,] they regularly hear claims for parole[,] and they regularly grant parole even though I have imposed sentences that are without parole[,] and they grant it[,] . . . so the answer to your question is I do believe this is the exact place that this case needs to be is the Department of Corrections. Again[,] I cannot possibly determine what is rehabilitative potential is because that generally hasn't happened. I don't know where he is right now. I don't know what he's done. I don't know how he is demonstrated . . . his rehabilitative potential. That is what the Parole Board does everyday, every week, every month, every year.

3

. . . .

I think that's the appropriate (inaudible) at this time until there's a statutory scheme, which would allow me to deviate from Revised Statute 14:30.1 because I am not gonna rewrite that statute. I am not allowed to do so. Thank y'all.

Contrary to the trial court's holding and well before Relator's hearing on February 23, 2017, the Louisiana Supreme Court has decreed how such cases are to be handled:

On remand from the United States Supreme Court, *Montgomery v. Louisiana*, 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), and in light of the Supreme Court's holding that *Miller v. Alabama*, 567 U.S. ----, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) announced a substantive rule of constitutional law that applies retroactively, we vacate relator's sentence and remand to the 19th Judicial District Court for resentencing pursuant to La.C.Cr.P. art. 878.1. In resentencing, the District Court shall determine whether relator was "the rare juvenile offender whose crime reflects irreparable corruption", *Miller*, 132 S.Ct. at 2469, or he will be eligible for parole under the conditions established in La.R.S. 15:574.4(E).

The Supreme Court held in *Miller* that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders. The Supreme Court found that "[b]y making youth (and all that accompanies it) irrelevant to imposition of that harshest prison sentence, such a scheme poses too great a risk of disproportionate punishment." *Miller*, 132 S.Ct. at 2469. The Supreme Court clarified in *Montgomery*, 136 S.Ct. at 734, "that *Miller* drew a line between children whose crimes reflect transient immaturity and those rare children whose crimes reflect irreparable corruption" and life without parole can only be a proportionate sentence for the latter. As noted above, the Supreme Court also determined in *Montgomery* that *Miller* announced a substantive rule of constitutional law that applies retroactively.

Henry Montgomery, who had recently turned 17 when he killed Deputy Sheriff Charles Hurt in 1963, was found guilty without capital punishment of murder in 1969 and the sentencing scheme at the time required mandatory life imprisonment without regard to Montgomery's youth. *See* La.R.S. 15:409 (1951). The Supreme Court in *Montgomery* did not venture an opinion as to whether a sentence of life imprisonment without parole eligibility is a disproportionate sentence for the crime Henry Montgomery committed at age 17. Instead, the court determined that Henry Montgomery, and others like him, "must be given the opportunity to show [the] crime did not reflect irreparable corruption", *Montgomery*,

4

136 S.Ct. at 736, and, if the crime did not reflect irreparable corruption, then he must be afforded "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation" as required by *Miller*, 132 S.Ct. at 2469 (quoting *Graham v. Florida*, 560 U.S. 48, 74, 130 S.Ct. 2011, 2030, 176 L.Ed.2d 825 (2010)). Therefore, we remand to the District Court to give Henry Montgomery the opportunity to make that showing and to allow the District Court to make that determination.

To implement *Miller*'s "meaningful opportunity to obtain release" for those juveniles who commit murder but are not found to be irreparably corrupt, the Legislature in 2013 La. Acts 239 enacted La.C.Cr.P. art. 878.1 and La.R.S. 15:574.4(E). Article 878.1 requires the District Court to conduct a hearing "[i]n any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense . . . to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E)." La.R.S. 15:574.4(E) then provides the conditions under which any person serving a sentence of life imprisonment for first or second degree murder committed under the age of 18 can become parole eligible, provided a judicial determination has been made the person is entitled to parole eligibility pursuant to Article 878.1. This court found in *State v. Tate*, 12-2763, pp. 19-20 (La.11/5/13), 130 So.3d 829, 843, that Article 878.1 applies prospectively to those offenders who are to be sentenced.

During the 2016 legislative session, legislation was proposed to address those cases in which persons that committed murder as juveniles and were sentenced to life imprisonment without parole eligibility before *Miller* was decided, who the Supreme Court determined in *Montgomery* must be resentenced in accordance with the principles enunciated in *Miller*. However, the Legislature ultimately failed to take further action in the last few moments of the legislative session regarding sentences of life without parole for juvenile homicide offenders. *See* HB 264 of the 2016 Regular Session. Therefore, in the absence of further legislative action, the previously enacted provisions should be used for the resentencing hearings that must now be conducted on remand from the United States Supreme Court to determine whether Henry Montgomery, and other prisoners like him, will be granted or denied parole eligibility.

Certainly, the legislature is free within constitutional contours to enact further laws governing these resentencing hearings but in the absence of such legislation, this court must provide guidance to the lower courts on the pending cases. *See Gillam v. Cain*, No. 14-2129 (E.D.La.5/31/16) (slip op.), 2016 WL 3060254 ("the state trial court is ordered to resentence Petitioner in conformity with *Miller v. Alabama*, --- U.S. ----, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), within ninety (90) days or, in the alternative, to release him from confinement");

5

*Palmer v. Cain*, No. 03-2983 (E.D.La.5/5/16) (slip op.), 2016 WL 2594753 ("the state trial court is ordered to resentence him in conformity with *Miller v. Alabama*, ---U.S. ----, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), within one-hundred twenty (120) days from entry of judgment or release him from confinement."); *Tate v. Cain*, No. 14-2145 (E.D.La.4/21/16) (slip op.), 2016 WL 3005748 ("The petitioner shall be released if no such hearing is held within 90 days of this Order."); *Trevathan v. Cain*, No. 15-1009 (E.D.La.4/11/16) (slip op.), 2016 WL 1446150 ("the state court is ORDERED to resentence him in conformity with *Miller v. Alabama*, --- U.S. ----, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), within ninety (90) days or, in the alternative, to release him from confinement"). In providing this guidance, we note that existing legislative enactments are applicable, either directly or by analogy.

In La.C.Cr.P. art. 878.1(B), the Legislature addressed the factors to be considered to determine whether the sentence should be imposed with or without parole eligibility:

> At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender's level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst offenders and the worst cases.

This provision does not purport to provide an exhaustive list of considerations but instead authorizes the District Court to consider other factors the court may deem relevant to its determination. Previously, and by way of example, in *State v. Williams*, 01-1650 (La.11/1/02), 831 So.2d 835, this Court noted that the United States Supreme Court left to the states the task of developing appropriate ways to enforce the constitutional restriction against execution of the intellectually disabled and further noted that Louisiana had not yet directly legislatively implemented *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). Absent a legislative implementation of *Atkins*, the *Williams* court drew upon other enactments to establish a procedure until the legislature could act. Similarly, although the Legislature was unable to enact legislation during the 2016 Regular Session, it has provided general sentencing guidelines in La.C.Cr.P. art. 894.1, which the District Court may deem relevant in accordance with La.C.Cr.P. art. 878.1(B). Other states have also legislatively implemented *Miller*. For example, Florida has enumerated the following factors to be considered in sentencing a juvenile to life imprisonment:

6

(a) The nature and circumstances of the offense committed by the defendant.

(b) The effect of the crime on the victim's family and on the community.

(c) The defendant's age, maturity, intellectual capacity, and mental and emotional health at the time of the offense.

(d) The defendant's background, including his or her family, home, and community environment.

(e) The effect, if any, of immaturity, impetuosity, or failure to appreciate risks and consequences on the defendant's participation in the offense.

(f) The extent of the defendant's participation in the offense.

(g) The effect, if any, of familial pressure or peer pressure on the defendant's actions.

(h) The nature and extent of the defendant's prior criminal history.

(i) The effect, if any, of characteristics attributable to the defendant's youth on the defendant's judgment.

(j) The possibility of rehabilitating the defendant.

Fla. Stat. § 921.1401(2) (2014). The District Court here may deem considerations such as these to be relevant as well under the authority of Article 878.1(B). Finally, the District Court must also be mindful of the Supreme Court's directive in *Miller*, 132 S.Ct. at 2469, "to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." In making its ultimate determination regarding parole eligibility, the District Court is further directed to issue reasons indicating the factors it considered to aid in appellate review of the sentence imposed after resentencing. This matter is remanded to the District Court for resentencing consistent with the views expressed here.

*Montgomery*, 194 So.3d at 606-09.

Moreover, also contrary to the trial court's ruling, the Louisiana Legislature has codified the parameters for deviating from the La.R.S. 14:30.1 penalty in cases where the offender was a juvenile at the time of the offense:

A. In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).

B. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender's level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst offenders and the worst cases.

La.Code Crim.P. art. 878.1.

In 2017, the Louisiana legislature enacted an amendment to La.Code Crim.P. art. 878.1 and La. R.S. 15:574.1. Criminal Procedure art. 878.1 now provides in pertinent part:

A. **If an** offender is i**ndicted on or after August 1, 2017, for the crime** of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense, **the district attorney may file a notice of intent to seek a sentence of life imprisonment without possibility of parole within one hundred eighty days after the indictment. If the district attorney timely files the notice of intent,** a hearing shall be conducted after conviction and prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility**. If the court determines that the sentence shall be imposed with parole eligibility, the offender shall be eligible for parole** pursuant to the provisions of R.S. 15:574.4(E). **If the district attorney fails to timely file the notice of intent, the sentence shall be imposed with parole eligibility and the offender shall be eligible for parole pursuant to the provisions of R.S. 15:574.4(E) without the need of a judicial determination pursuant to the provisions of this Article. If the court determines that the sentence shall be imposed without parole eligibility, the offender shall not be eligible for parole.**

B. (1) **If an offender was indicted prior to August 1, 2017, for the crime of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was not held pursuant to this Article prior to August 1, 2017, to determine whether the offender's sentence should be**

8

imposed with or without parole eligibility, the district attorney may file a notice of intent to seek a sentence of life imprisonment without the possibility of parole within ninety days of August 1, 2017. If the district attorney timely files the notice of intent, a hearing shall be conducted to determine whether the sentence shall be imposed with or without parole eligibility. If the court determines that the sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G). If the district attorney fails to timely file the notice of intent, the offender shall be eligible for parole pursuant to R.S. 15:574.4(E) without the need of a judicial determination pursuant to the provisions of this Article. If the court determines that the sentence shall be imposed without parole eligibility, the offender shall not be eligible for parole.

(2) If an offender was indicted prior to August 1, 2017, for the crime of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was held pursuant to this Article prior to August 1, 2017, the following shall apply:

(a) If the court determined at the hearing that was held prior to August 1, 2017, that the offender's sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G).

(b) If the court determined at the hearing that was held prior to August 1, 2017, that the offender's sentence shall be imposed without parole eligibility, the offender shall not be eligible for parole.

C. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender's level of family support, social history, and such other factors as the court may deem relevant. **The admissibility of expert witness testimony in these matters shall be governed by Chapter 7 of the Code of Evidence.**

D. The sole purpose of the hearing is to determine whether the sentence shall be imposed with or without parole eligibility. The court shall state for the record the considerations taken into account and the factual basis for its determination. Sentences imposed without parole eligibility and determinations that an offender is not entitled to parole eligibility should normally be reserved for the worst offenders and the worst cases.

2017 La. Acts No. 227, § 2.

All emphasis added.

Louisiana Revised Statutes 15:574.4, as amended effective August 1, 2017 by Act 277 sets forth the following in pertinent part:

E. (1) Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) who was under the age of eighteen years at the time of the **commission of the offense shall be eligible for parole consideration pursuant to the provisions of this Subsection if a judicial determination has been made that the person is entitled to parole eligibility pursuant to Code of Criminal Procedure Article 878.1 and all of the following conditions have been met:**

(a) The offender has served thirty-five years of the sentence imposed.

(b) The offender has not committed any major disciplinary offenses in the twelve consecutive months prior to the parole hearing date. A major disciplinary offense is an offense identified as a Schedule B offense by the Department of Public Safety and Corrections in the Disciplinary Rules and Procedures for Adult Offenders.

(c) The offender has completed the mandatory minimum of one hundred hours of prerelease programming in accordance with R.S. 15:827.1.

(d) The offender has completed substance abuse treatment as applicable.

(e) The offender has obtained a GED certification, unless the offender has previously obtained a high school diploma or is deemed by a certified educator as being incapable of obtaining a GED certification due to a learning disability. If the offender is deemed incapable of obtaining a GED certification, the offender shall complete at least one of the following:

(i) A literacy program.

(ii) An adult basic education program.

(iii) A job skills training program.

(f) The offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections.

(g) The offender has completed a reentry program to be determined by the Department of Public Safety and Corrections.

(2) For each offender eligible for parole consideration pursuant to the provisions of this Subsection, the board shall meet in a three-member panel, and each member of the panel shall be provided with and shall consider a written evaluation of the offender by a person who has expertise in adolescent brain development and behavior and any other relevant evidence pertaining to the offender.

(3) The panel shall render specific findings of fact in support of its decision.

La.R.S. 15:574.4(E) (emphasis added).

## CONCLUSION

**WRIT GRANTED AND MADE PEREMPTORY:** Relator filed a writ application with this court seeking supervisory review of the trial court's February 23, 2017 denial of Relator's motion to correct illegal sentence seeking relief under *State v. Montgomery*, 13-1163 (La. 6/28/16), 194 So.3d 606. The February 23, 2017 hearing and ruling do not comply with *Montgomery*, with La.Code Crim.P. art. 878.1 or with La.R.S. 15:574.4(E).

Accordingly, the trial court's February 23, 2017 ruling denying Relator's motion to correct an illegal sentence is vacated. The matter is remanded for proceedings consistent with this opinion and in compliance with the requirements of *Montgomery*, La.Code Crim.P. art 878.1, La.R.S. 15:574.4, and 2017 La. Acts No. 227 (effective August 1, 2017).