# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-671


**STATE OF LOUISIANA**

**VERSUS**

**RODERICK THOMAS**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 130-664
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and John E. Conery, Judges.


**SENTENCE AFFIRMED.**

**Honorable Phillip Terrell, Jr.**
**District Attorney, Ninth Judicial District Court**
**Catherine L. Davidson**
**Assistant District Attorney**
**P.O. Box 1472**
**Alexandria, LA 71309**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
   **State of Louisiana**

**Colin Clark**
**Deputy Solicitor General, Louisiana Department of Justice**
**P.O. Box 94005**
**Baton Rouge, LA 70804**
**(225) 326-6257**
**COUNSEL FOR APPELLEE:**
   **State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**P.O. Box 2125**
**Lafayette, LA 70502**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT/APPELLANT:**
   **Roderick Thomas**

**GREMILLION, Judge.**

In 1974, Defendant, Roderick Thomas, entered a plea of guilty to second degree murder, a violation of La.R.S. 14:30.1. Defendant waived sentencing delays, and the trial court sentenced him to life imprisonment without benefit of parole, probation, or suspension of sentence for the first twenty years. Defendant was seventeen years old when he was sentenced. Subsequently, the legislature amended La.R.S. 14:30.1 to eliminate parole eligibility.

In March 2016, Defendant filed a motion to reconsider sentence based upon the ruling in *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455 (2012), which held that the Constitution bars sentences of life imprisonment without the possibility of parole for juvenile homicide offenders. In March 2017, the trial court heard the motion and modified Defendant's life sentence to include the possibility of parole.

Defendant now appeals, assigning two errors. For the following reasons, Defendant's sentence is affirmed.

### ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Defendant argues the district court erred by amending his sentence to life imprisonment with the possibility of parole, contending that said penalty was not authorized by the legislature and thus was not a legal sentence. He argues that Louisiana "[c]ourts do not have authority to declare 'ranges' of sentences for crimes under the Louisiana Constitution." While he acknowledges that the district court acted in accordance with the holding in *State v. Montgomery*, 13-1163 (La. 6/28/16), 194 So.3d 606, he characterizes the *Montgomery* ruling as unconstitutional based on his premise regarding courts' authority or lack thereof. He reasons that his sentence of life imprisonment with the possibility of parole was improper because at the time of sentencing, the legislature had not authorized such a sentence.

The legislature has recently clarified that certain juvenile homicide offenders sentenced to life imprisonment shall be eligible for parole. Significantly, La.Code Crim.P. art. 878.1 was amended by 2017 La. Acts No. 277, § 2, and now provides in pertinent part:

> B. . . .
>
> (2) If an offender was indicted prior to August 1, 2017, for the crime of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was held pursuant to this Article prior to August 1, 2017, the following shall apply:
>
> (a) If the court determined at the hearing that was held prior to August 1, 2017, that the offender's sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G).
>
> . . . .
>
> D. The sole purpose of the hearing is to determine whether the sentence shall be imposed with or without parole eligibility. The court shall state for the record the considerations taken into account and the factual basis for its determination. Sentences imposed without parole eligibility and determinations that an offender is not entitled to parole eligibility should normally be reserved for the worst offenders and the worst cases.

However, as Defendant observes, this amendment was not in effect at the time of the resentencing hearing. Essentially, Defendant asserts a separation of powers argument, hinging on his contention that the *Montgomery* ruling is unconstitutional. Although Defendant makes a lengthy argument, we need not conduct a detailed analysis of this argument, as this court is clearly bound by the rulings of the higher courts. *See Oliver v. Magnolia Clinic*, 11-2132, 11-2139, 11-2142 (La. 3/13/12), 85 So.3d 39; *State v. Bertrand*, 08-2215, 08-2311 (La. 3/17/09), 6 So.3d 738; and *State v. Saulny*, 16-734 (La.App. 5 Cir. 5/17/17), 220 So.3d 871. Thus, we are unable to find that the *Montgomery* ruling is unconstitutional or accept Defendant's premise that said ruling was unconstitutional or improper.

Defendant also argues that La.Code Crim.P. art. 878.1 cannot be applied to him, as any such application would be ex post facto. Louisiana Code of Criminal Procedure Article 878.1 is merely a codification of *Miller* and *Montgomery*. As the attorney general points out, application of the statute would not violate constitutional protections against ex post facto laws because it neither redefines criminal conduct nor increases the penalty for said conduct. *See State v. Williams,* 00-1725 (La. 11/28/01), 800 So.2d 790; *see also State v. Sumler*, 51,324 (La.App. 2 Cir. 5/2/17), 219 So.3d 503 (discussing the 2013 version of La.Code Crim.P. art. 878.1).

Defendant's attacks on the jurisprudence would require this court to review the rulings of higher courts. This court is bound by *Montgomery*. His arguments suggesting that applications of the relevant statute would be ex post facto are inapposite. Accordingly, this assignment of error lacks merit.

### ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Defendant argues the trial court erred by failing to hold a resentencing hearing to determine whether a life sentence with parole eligibility is constitutionally excessive. Parole eligibility satisfies the requirements of *Miller*. *See State v. Doise*, 15-713 (La.App. 3 Cir. 2/24/16), 185 So.3d 335, *writ denied*, 16-546 (La. 3/13/17), 216 So.3d 808, *see also Sumler*, 219 So.3d 503. Further, it is clear that La.Code Crim.P. art. 878.1 is a statutory implementation of *Miller*. Thus, this assignment lacks merit.

### DECREE

Defendant, Roderick Thomas's, sentence is affirmed.

**SENTENCE AFFIRMED.**

3