PER CURIAM:
Denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
JOHNSON, C.J., would grant the writ and assigns reasons.
In 2013, Defendant was convicted of second degree murder as a result of an offense he committed in 2009, when he was 16 years old. Defendant was subsequently sentenced to 60 years imprisonment at hard labor without benefit of parole. In my view, defendant's 60-year sentence without parole is effectively a life sentence. In light of the Supreme Court's holding in Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed. 2d 599 (2016) that Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed. 2d 407 (2012) announced a substantive rule of constitutional law that applies retroactively, I would grant defendant's writ, vacate his sentence, and remand the case to the district court for further proceedings consistent with the *1182 views expressed in State v. Montgomery , 13-1163 (La. 6/28/16), 194 So.3d 606, and for re-sentencing pursuant to La. C.Cr. P. Art. 878.1.
Hughes, J., would grant for an evidentiary hearing.