PER CURIAM:
Denied; moot. The district court has acted. See Dist. Ct. Ruling, 9/28/18 (Landrum-Johnson, J.).
*694 Though this court originally had exclusive appellate jurisdiction over defendant's pre-1982 felony conviction and sentence, see La. Const. art. V, § 5 (E), following his resentencing in 2016, pursuant to La.C.Cr.P. art. 878.1 and State v. Montgomery , 13-1163 (La. 6/28/16), 194 So.3d 606, appellate jurisdiction is now vested in the intermediate court of appeal. See La. Const. art. V, § 10 (A) (eff. July 1, 1982, "[A] court of appeal has appellate jurisdiction of ... all criminal cases triable by a jury," except when a law has been declared unconstitutional or when the death penalty has been imposed).
Thus, to the extent that defendant desires to seek review of his new judgment of sentence, the law envisions him pursuing an appeal (or an out-of-time appeal) before filing in this court. See La.C.Cr.P. art. 912(C)(1) ; cf. State v. Counterman , 475 So.2d 336, 339 (La. 1985) (acknowledging "constitutional right to appeal (or to other review on the record) in criminal cases in Louisiana when the defendant is to be subjected to imprisonment or fine" under La. Const. art. I, § 19 ).