STATE OF LOUISIANA                          NO. 21-KH-36

VERSUS                                      FIFTH CIRCUIT

DERRICK SONNIER                             COURT OF APPEAL

                                            STATE OF LOUISIANA

March 16, 2021

Susan Buchholz
First Deputy Clerk

**IN RE** DERRICK SONNIER

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE MICHAEL P. MENTZ, DIVISION "F", NUMBER 96-1139

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Stephen J. Windhorst

## WRIT GRANTED; ORDER VACATED; REMANDED

Relator, Derrick Sonnier, seeks review of the district court's December 20, 2020 order denying his motion to correct illegal sentence in 24th Judicial District Court case number 96-1139. On November 20, 1997, Relator was convicted of second degree murder, in violation of La. R.S. 14:30.1 and sentenced to life in prison without benefit of parole, probation, or suspension of sentence. The instant motion was denied because "this matter has already been heard by the court and the defendant fails to make a case for resentencing. By law, this motion is not warranted." We respectfully disagree. For the following reasons, we grant the writ application.

According to the November 6, 2014 minute entry, Relator appeared before the court for a *Miller* Hearing (reset from 8/14/2014). On that date, his motion to stay the proceedings, while related appeals were pending in the federal court system, was denied, and his motion to correct illegal sentence was dismissed without prejudice. Later, *Montgomery v. Louisiana*, 136 S.Ct. 718; 193 L.Ed.2d 599 (2016), *as revised* (Jan. 27, 2016), gave retroactive effect to the holding in *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), that prohibited the sentencing of juvenile offenders to life without the possibility of parole. The bill of information lists February 5, 1996 as the date the crime was committed and Relator's date of birth as May 30, 1978; Relator was seventeen years old at the time of his offense.

"Whether a particular sentence is legal or illegal is a question of law. Thus, a district judge's legal determination of the legality or illegality of a particular sentence, like any other question of law, is not entitled to our deference." *State v.*

*Gibson*, 16-132 (La. App. 4 Cir. 3/16/16); 192 So.3d 132, 135. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C.Cr.P. art. 882.

La. C.Cr.P. art. 878.1 provides that if a Miller hearing was not held prior to August 1, 2017, then the district attorney had within ninety days of August 1, 2017 to file a notice of intent. La. C.Cr.P. art. 878.1 mandates that, if the district attorney fails to timely file the notice of intent [to seek a sentence of life imprisonment without parole], the offender *shall be eligible for parole* pursuant to R.S. 15:574.4(E) *without the need of a judicial determination* pursuant to the provisions of this Article.

Upon review of the official court record, it does not appear that a notice of intent was ever filed by the District Attorney's office in Relator's instant case. The district court concluded that the matter had been taken up before but we find no evidence of a full Miller hearing where at its conclusion the court distinguished whether Relator was "'the rare juvenile offender whose crime reflects irreparable corruption'" or "'the juvenile offender whose crime reflects unfortunate yet transient immaturity.'" *State v. Montgomery*, 13-1163 (La. 6/28/16); 194 So.3d 606, 609 (Crichton, J. concurrence). Additionally, we note that the State did file such a notice of intent on October 30, 2017 against Relator's co-defendant, who was convicted of first degree murder in violation of La. R.S. 14:30. Further, we note that Relator has a companion case at the district court, 97-2831, in which he was sentenced to eighteen months in parish prison after pleading guilty to committing simple escape in violation of La. R.S. 14[:110]. The maximum sentence for simple escape is five years, not to be served concurrently with any other sentence. A minute entry from case number 97-2831 dated December 6, 2017 states that neither Relator, nor his attorney, was present at the Miller Hearing, but, "[t]he State advised it does not elect to seek a sentence of Life without possibility of Parole in this matter" and the matter was marked "Satisfied."

Based on the foregoing, upon *de novo* review, we find that the district court erred when it denied Relator's motion for resentencing pursuant to *Miller* and Relator is entitled to a contradictory hearing to determine parole eligibility. Further, Relator may be entitled to parole eligibility by operation of law because the State did not file a notice of intent to seek a sentence of life without the possibility of parole before November 1, 2017 as mandated by La. C.Cr.P. 878.1. Accordingly, we vacate the December 20, 2020 judgment and remand the matter for further proceedings consistent with this disposition.

Gretna, Louisiana, this 16th day of March, 2021.

**MEJ**
**RAC**

2

STATE OF LOUISIANA

VERSUS

DERRICK SONNIER

NO. 21-KH-36

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**WINDHORST, J., DISSENTS WITH REASONS**

Although I agree with the majority's conclusion that relator is entitled to a Miller hearing, upon review, the writ application is deficient in that it does not contain: (1) documentation of the return date in violation of U.R.C.A., Rule 4-3; (2) the ruling complained of in violation of U.R.C.A., Rule 4-5 C(6); (3) a copy of each pleading on which the ruling was founded, including the bill of information in violation of U.R.C.A., Rule 4-5 C(8). Accordingly, on the showing made, I would deny the writ application.

**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **03/16/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-KH-36**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Michael P. Mentz (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Derrick Sonnier #390403 (Relator)
Louisiana State Penitentiary
Angola, LA 70712