437 So.2d 983 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Asahel HARVIN, Defendant-Appellant.
No. CR82-793.
Court of Appeal of Louisiana, Third Circuit.
September 19, 1983.
*984 Smith, Ford & Clark, Leesville (Vernon Clark, Leesville, of counsel), for defendant-appellant.
William E. Tilley, Dist. Atty., Leesville, for plaintiff-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
*985 DOUCET, Judge.
Roderick Ellis Smartt and Asahel Harvin were indicted by the Vernon Parish Grand Jury for the First Degree Murder of James E. Mancil, in violation of R.S. 14:30(1). The murder occurred on May 19, 1982, while defendants were allegedly attempting to rob James E. Mancil, a taxi driver, while armed with a dangerous weapon. Roderick Smartt, pursuant to a plea agreement, pled guilty to conspiracy to commit armed robbery and accessory after the fact to murder and testified at the trial of Asahel Harvin. Asahel Harvin was found guilty of Second Degree Murder on October 14, 1982 and was subsequently sentenced to life in prison at hard labor without benefit of parole, probation, or suspension of sentence.
Defendant appeals assigning the following specifications of error: (1) The verdict of the jury was contrary to the evidence introduced at trial; (2) The trial court erred in admitting certain photographs into evidence inasmuch as their probative value was outweighted by their prejudicial effect and an insufficient foundation was laid for introduction of said evidence; (3) The trial court erred in allowing into evidence a photocopy of the taxi company dispatch sheet in violation of the best evidence rule; and (4) The trial court erred in allowing testimony as to inculpatory statements of the defendant where improper notice was given of the prosecution's intention to use same.
With respect to defendant's contention that the jury's verdict was not supported by the evidence, it is argued, inter alia, that the facts indicate Roderick Smartt perpetrated this crime. The critical inquiry when reviewing such a sufficiency of evidence claim is to determine whether the record evidence could reasonably support a finding of guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,supra; State v. Crawford, 403 So.2d 1221 (La.1981); State v. Lemoine, 403 So.2d 1230 (La.1981); State v. Mathews, 375 So.2d 1165 (La.1979); State v. Abercrombie, 375 So.2d 1170 (La.1979). The same standard applies whether the case be one of direct or direct and circumstantial evidence. State v. Washington, 421 So.2d 887 (La. 1982). When there is conflicting testimony as to factual matters, evaluation of the credibility of the witnesses is within the sound discretion of the trier of fact and his determinations will not be disturbed unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981).
Roderick Smartt testified that both he and the defendant had conspired at different times to commit a robbery. Smartt stated that the defendant was desirous of seeking funds to return to his home in New York and suggested that the two rob a cab driver. The evidence is conflicting as to who placed the call requesting a cab, however, the record indicates that two calls were made on the evening of May 19, 1982, requesting a taxi at Ellias Trailer Park. The second call was made requesting a cab at a neighboring trailer after the two realized they would be suspected if the taxi picked them up at the trailer where they had been all day. Smartt testified that upon the cab's arrival the defendant sat in the back seat while he (Smartt) sat in the front seat. Both were armed with guns however Smartt claims his was not loaded. Halfway between departure and the place designated as their destiny, the defendant ordered James Mancil to stop the car. According to Smartt, the defendant then shot the driver once in the neck. Smartt and Harvin panicked and fled the scene on foot without completing their planned robbery.
The victim lived a short while thereafter and attempted to drive in search of aid. The vehicle was discovered in a ditch, in a direction opposite of the assailants' assigned destiny. James Mancil was dead. Dr. George McCormick would subsequently testify at trial that it was possible the victim could have lived 15-20 minutes after infliction of the gunshot wound.
*986 Ms. Angela Johnson testified that the defendant, in the presence of her mother and herself, subsequently confessed to committing the murder of the taxi driver.
Viewing the evidence in a light most favorable to the prosecution, we find that the jury's responsive verdict was justified by direct and circumstantial evidence.
Appellant submits that certain photographs were gruesome and inflammatory in nature such that their prejudicial effect outweighs their probative value. One photo, labeled S-3, depicts the victim inside the vehicle with blood on his chest and abdomen. It was introduced to show the actual scene of the crime when discovered. The photographs marked S-5 and S-6 depict the victim in the sterile confines of the autopsy room, showing the entry and exit wounds, respectively, and the resultant blood. The standard for determining the admissibility of such pictures was set forth in State v. Boyer, 406 So.2d 143 (La.1981) as follows: "The test for admissibility of allegedly gruesome photographs is whether their probative value outweighs any prejudicial effect. A trial court's ruling in this regard will only be disturbed if the prejudicial effect of the photographs clearly outweighs the probative value. State v. Landry, 388 So.2d 699 (La.1980); State v. Unger, 362 So.2d 1095 (La.1978); State v. Bryant, 351 So.2d 1188 (La.1977). Photographs are generally admissible if they illustrate any fact, shed any light upon an issue in the case, or are relevant to describe the person, thing or place depicted. State v. Valentine, 364 So.2d 595 (La.1978)." See also: State v. Lindsey, 404 So.2d 466 (La. 1981). The photos in the present case illustrate and corroborate the testimony of other witnesses. They are material, relevant and probative. They shed light on relevant issues. The trial judge's ruling in this regard will not be disturbed.
The appellant also contends that there was no foundation laid for the introduction of the aforementioned photographs inasmuch as it was not shown that the pictures were maintained in the proper care and custody of law enforcement officials. The record, however, indicates that the foundation for introduction of the photos was indeed properly laid. The photographs were taken by Vernon Parish Sheriff's deputies at the scene of the crime and thereafter at the Sheriff's Office and the scene of the autopsy. The photographs were introduced after either the photographer and/or an identifying witness testified that the photographs were taken in their presence and that they fairly and accurately depicted the scene as viewed by the witnesses. The photographer's identification of each photo is not always required. State v. Lindsey, supra. The assignment of error lacks merit.
The trial court allowed into evidence a photocopy of the dispatch sheet of Red Diamond Cab Co. The dispatch sheet was for Cab No. 2, the one driven by James Mancil on the evening of his death. Appellant contends that the admission of the photocopy was improper where it was not shown the original was unavailable, citing in support thereof State v. Perniciaro, 374 So.2d 1244 (La.1979). The dispatcher on duty, Barbara Sue Hollis, testified that she made the entries that evening on the dispatch sheet and that the copy accurately reflected the original she had prepared. The defendant was afforded his constitutional right to confront and cross-examine the witness testifying against him. The photocopy of the dispatch sheet merely corroborated the testimony of Ms. Hollis. Furthermore, where the document offered into evidence is a mechanical reproduction of the original and therefore the substantial equivalent of the original, its admission into evidence does not constitute reversible error as violating the best evidence rule absent a showing that the content of the copy did not accurately reflect that of the original. State v. Stuart, 344 So.2d 1006 (La.1977).
Lastly, appellant contends that insufficient notice of the prosecution's intention to introduce inculpatory statements had been granted. Unless the defendant has been granted pre-trial discovery, if the state intends to introduce a confession or *987 inculpatory statement, it is required to so advise the defendant in writing prior to the state's opening statement. C.Cr.P. Art. 768. Appellant does not claim lack of notice but rather challenges the sufficiency of notice given. In response to pretrial discovery motions filed by the defendant, the state filed an answer on Sept. 21, 1981, and two supplemental answers on Sept. 29, 1982 and Sept. 30, 1982. The first supplemental answer informed the defendant of certain oral statements made by the defendant approximately two to three days after May 19, 1982 to Michael Price and Leslie Blevins in Michael Price's automobile. Appellant fails to set forth where in the notice lies the alleged ambiguity complained of. We find the state's notice to be clear and sufficient. The assignment of error lacks merit.
For the reasons set forth hereinabove, the conviction appealed is affirmed.
AFFIRMED.